UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RUTH SERIJAR, Individually and as | ) | |
| Representative of a Class of Similarly | ) | |
| Situated Persons, | ) | |
| *Plaintiff* | ) | |
| v. | ) | C.A. No. 09-136-S |
| | ) | |
| WYNDHAM VACATION RESORTS, INC. | ) | |
| f/k/a FAIRFIELD RESORTS, INC., | ) | |
| WYNDHAM VACATION OWNERSHIP, | ) | |
| INC. f/k/a/ CENDANT TIMESHARE RESORT | ) | |
| GROUP, INC., JAMES ACEE, MELISSA | ) | |
| WHITE, DALE BREITENFELD, AMANDA | ) | |
| DEARBORN, and JOHN DOES (1-4) | ) | |
| | ) | |
| Defendants. | ) | |

## **MOTION TO AMEND PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, Ruth Serijar hereby moves this Court pursuant to Fed. R. of Civ. P.

15(a) for entry of an Order allowing Plaintiff to amend Second Amended Complaint to

remove Counts 1 and 2 and to add Class Action allegations.  A copy of the proposed

Third Amended Complaint is attached hereto as Exhibit "A".

RUTH SERIJAR

By Plaintiff's attorneys,

*Andrew M. Teitz  (JMS)*
*Jeanne M Scott*
Andrew M. Teitz, Esq. (#3503)
Jeanne M. Scott, Reg. # 6178
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, Rhode Island  02903
(401) 331-2222 telephone
(401) 751-5257 facsimile

Dated:  September 15, 2009

CERTIFICATION

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 15, 2009.


/s/ Trevor V. Fittro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RUTH SERIJAR, Individually and as       :
Representative of a Class of Similarly   :
Situated Persons,                        :
    *Plaintiff*                             :
                                         :
v.                                       :      C.A. No.: 09-136
                                         :
WYNDHAM VACATION RESORTS, INC. fka       :
FAIRFIELD RESORTS, INC., WYNDHAM         :
VACATION OWNERSHIP, INC. fka CENDANT     :
TIMESHARE RESORT GROUP, INC., JAMES      :
ACEE, MELISSA WHITE, DALE BREITENFELD:
AMANDA DEARBORN, AND                     :
JOHN DOES (1-4).                         :
    *Defendants.*                           :

## THIRD AMENDED COMPLAINT

### NATURE OF ACTION

1.    Plaintiff brings this lawsuit as a class action under Rule 23 of the Federal Rules of

Civil Procedure, on behalf of herself and all other similarly situated individuals. Plaintiff and the

class she represents allege violations of the Civil Rights Act, U.S.C. §§ 1981 and 1982, the

Rhode Island Fair Housing Practices Act, Title 34, Chapter 37 of the General Laws of the State

of Rhode Island and the Rhode Island Civil Rights Act, Title 6, Chapter 13.1 of the General

Laws of the State of Rhode Island.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and

1367. Venue is proper pursuant to 28 U.S.C. § 1391.

1



EXHIBIT
A

## PARTIES

3.    Defendant Wyndham Vacation Resorts, Inc. fka Fairfield Resorts, Inc. ("Fairfield") is a Delaware corporation authorized to do business in the State of Rhode Island under the fictitious name of Fairfield Resorts, Inc. and has a business address of 8427 South Park Circle, Orlando, Florida 32819.

4.    Defendant Wyndham Vacation Ownership, Inc. fka Cendant Timeshare Resort Group, Inc. ("Cendant") is a Delaware corporation authorized to do business in the State of Rhode Island and has a business address of 8427 South Park Circle, Orlando, Florida 32819,

5.    At all times relevant hereto, Fairfield was the owner/developer of a time-share development known as Long Wharf Fairfield Resort, and which is located at 115 Long Wharf, Newport, Rhode Island ("Long Wharf").

6.    Upon information and belief, Defendant Cendant is the parent company of Defendant Fairfield..

7.    Defendant Jim Acee was the Vice President of sales of Defendant Fairfield during part of the relevant time period.

8.    Defendant John Doe "1" was vice president of sales of Defendant Fairfield during part of the relevant time period.

9.    Defendant Melissa White was a supervising manager of Defendant Fairfield during part of the relevant time period.

10.    Defendant John Doe "2" was a supervising manager of Defendant Fairfield during part of the relevant time period.

11.    Defendant Dale Breitenfeld was a sales director of Defendant Fairfield during part of the relevant time period.

2

12.     Defendant John Doe "3" was a sales director of Defendant Fairfield during part of the relevant time period.

13.     Defendant Amanda Dearborn was a sales agent of Defendant Fairfield during part of the relevant time period.

14.     Defendant John Doe "4" was a sales agent of Defendant Fairfield during part of the relevant time period.

15.     Plaintiff Ruth Serijar ("Ms. Serijar") is a resident of the Commonwealth of Massachusetts with an address of 94 Longdon Avenue, Watertown, Massachusetts 02472. Ms. Serijar is brown-skinned; her national origin is the country of India and her ethnicity is Eastern Indian.

## FACTUAL ALLEGATIONS

16.     Fairfield, through its employees and/or agents, sells time-share ownership of its condominiums located at Long Wharf.

17.     Fairfield employs an in-house marketing staff and also enlists the services of outside marketing companies and individuals to assist in soliciting potential purchasers of the time-share units.

18.     In or about October of 2004, Plaintiff was in Newport, Rhode Island and was solicited by an employee or an outside agent of Fairfield to attend a time-share sales presentation and tour of Long Wharf.

19.     Ms. Serijar arrived at the designated time to attend the sales presentation and to tour the facility but the Fairfield personnel deliberately failed to provide the promised sales information to Ms. Serijar and deliberately kept her from touring the facility. Instead, Fairfield personnel instructed Ms. Serijar to wait for a sales agent to become available.

20.    After Ms. Serijar waited ninety (90) minutes Fairfield personnel falsely informed her that no sales agents were available.

21.    Fairfield personnel had no intention of ever providing Ms. Serijar with the opportunity to purchase a time share unit.

22..    Defendants' deliberately deprived Ms. Serijar of an opportunity to purchase a time-share unit because of her race or color, ethnicity and/or national origin.

23.    Ms. Serijar did not become aware that Fairfield had denied her the opportunity to purchase a time-share unit at Long Wharf because of her race or color, ethnicity and/or national origin until on or about January 30, 2007 after a Fairfield employee came forward with the information.

24.    According to the above referenced Fairfield employee, she was instructed by Defendants to deliberately deprive Mrs. Serijar and other individuals of Indian ethnicity and Orthodox Jews of an opportunity to purchase a time-share unit because of their race, ethnicity and/or religion.

25.    Upon information and belief, Defendants have refused and continue to refuse to sell time-share units at Long Wharf to other persons of Indian ethnicity and/or Orthodox Jews because of the potential purchaser's race, color, religion, ethnicity and/or national origin.

26.    The time-shares owned and operated and being offered for sale by Defendants are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

27.    At all times relevant hereto, Ms. Serijar was ready, willing, and able to purchase a time-share at Long Wharf.

28.    Defendants acted in a willful and wanton manner in denying Ms. Serijar and other

4

Eastern Indians the opportunity to purchase a time-share at Long Wharf because of their race or color, ethnicity and/or national origin.

29.    Upon information and belief, Defendants acted and continue to act in a willful and wanton manner in denying Orthodox Jews the opportunity to purchase a time-share because of the potential purchaser's race and/or religious beliefs.

30.    Upon information and belief, Defendant Fairfield was at all times relevant hereto under the complete control and direction of Defendant Cendant in its day-to-day operations, including, but not limited to, the selling of time-shares.

## CLASS ACTION ALEGATIONS

31.    Plaintiff brings this action individually and as a representative of a class comprised of individuals of Eastern Indian decent and/or Orthodox Jews who were denied an opportunity to purchase a time share unit at Long Wharf because of their race, color, religion, ethnicity, and/or national origin.

32.    As regards the class representation aspect of their claims, plaintiff avers that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of the representative party are typical of the claims of the class; and (d) the representative party will fairly and adequately protect the interests of the class.

33.    Moreover, the prosecution of separate actions by individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants; and (b) adjudications with respect to individual members of the class which would

5

as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

34.    Further, the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

35.    The nature and scope of this proceeding is such that questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

## [42 U.S.C. § 1982] CIVIL RIGHTS ACT VIOLATION

36.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 35 above.

37.    Defendants' actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard to Plaintiff's Constitutional rights, in violation of 42 U.S.C. § 1982.

38.    As a result of Defendants' discriminatory conduct, Ms. Serijar suffered damages.

39.    Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties under 42 U.S.C. § 1982 and may have suffered damages as a result of Defendants' discriminatory conduct.

40.    Upon information and belief, Defendants' actions and practices continue in violation of 42 U.S.C. § 1982.

6

## COUNT II

### [42 U.S.C. § 1981] CIVIL RIGHTS ACT VIOLATION

41.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 40 above.

42.    Defendants' actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard to Plaintiff's Constitutional rights, in violation of 42 U.S.C. § 1981.

43.    As a result of Defendants' discriminatory conduct, Ms. Serijar suffered damages.

44.    Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties under 42 U.S.C. § 1981 and have suffered damages as a result of Defendants' discriminatory conduct.

45.    Upon information and belief, Defendants' actions and practices continue in violation of 42 U.S.C. § 1981.

## COUNT III

### (R.I. Gen. Laws §42-112-1)

### RHODE ISLAND CIVIL RIGHTS ACT VIOLATION

46.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 45 above.

47.    Defendants' conduct as alleged above violates the R.I. Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1(a).

48.    As a result of Defendants' discriminatory conduct, Ms. Serijar suffered

7

damages.

49.    Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties under R.I. Gen. Laws § 42-112-142 and have suffered damages as a result of Defendants' discriminatory conduct.

50.    Upon information and belief, Defendants' actions and practices continue in violation of R.I. Gen. Laws § 42-112-1(a).

## COUNT IV

### (R.I. Gen. Laws §34-37-1, et seq.)

### RHODE ISLAND FAIR HOUSING PRACTICES ACT VIOLATIONS

51.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 50 above.

52.    Plaintiff is an aggrieved person as defined in the R.I. Fair Housing Practices Act, and suffered injuries as a result of Defendants' discriminatory conduct.

53.    Defendants' actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard to Plaintiff's rights.

54.    Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties as defined in R.I. Fair Housing Practices Act and may have suffered injury as a result.

55.    Upon information and belief, Defendants' actions and practices continue in violation of the R.I. Fair Housing Practices Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter an ORDER that:

8

1.    Declares Defendants' conduct as set forth above violates the State of Rhode Island Fair Housing Act;

2.    Declares Defendants' conduct as set forth above violates Plaintiff's United States Civil Rights;

3.    Declares Defendants' conduct as set forth above violates Plaintiff's Rhode Island Civil Rights;

4.    Enjoins Defendants and their employees, agents, and successors, and all other persons in active concert or participation with it from discriminating on the basis of race or color, ethnicity, national origin, and/or religion in violation of the Rhode Island Fair Housing Act;

5.    Enjoins Defendants and their employees, agents, and successors, and all other persons in active concert or participation with it from discriminating on the basis of race or color, ethnicity, national origin, and/or religion in violation of the Civil Rights Act;

6.    Awards compensatory damages to Plaintiff for deprivation of civil rights and rights to fair housing;

7.    Awards punitive damages to Plaintiff in an amount as may be just and equitable;

8.    Awards Plaintiff reimbursement of all costs and reasonable attorneys' fees in connection with this action.

Plaintiff further prays for such additional relief as the interests of justice may require and permit.


PLAINTIFF DEMANDS A JURY TRIAL.

PLAINTIFF
Ruth Serijar,
By Her Attorneys,

9

By: _Andrew M. Teitz (JMS)_

    Andrew M. Teitz, Esq. (#3503)
    Jeanne M. Scott, Esq. (#6178)
    Ursillo, Teitz & Ritch, Ltd.
    2 Williams Street
    Providence, Rhode Island 02903
    Tel. (401) 331-2222
    Fax (401) 751-5257

Dated: _9/15/09_

S:\JEANNE\Fairfield\Fairfield Resorts\Third Amended Complaint.doc

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RUTH SERIJAR, Individually and as          )
Representative of a Class of Similarly      )
Situated Persons,                                      )
*Plaintiff*                                               )
       v.                                              )          C.A. No. 09-136-S
                      )
WYNDHAM VACATION RESORTS, INC.   )
f/k/a FAIRFIELD RESORTS, INC.,              )
WYNDHAM VACATION OWNERSHIP,       )
INC. f/k/a/ CENDANT TIMESHARE RESORT )
GROUP, INC., JAMES ACEE, MELISSA       )
WHITE, DALE BREITENFELD, AMANDA     )
DEARBORN, and JOHN DOES (1-4)            )
                      )
        Defendants.                                 )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND PLAINTIFF'S SECOND AMENDED COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure states in part that when a party seeks to amend its complaint, a "court should freely give leave when justice so requires." The Court has stated that the rule reflects a "liberal amendment policy." See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008); see also O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004); Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir. 1998)). The Court of Appeals for the First Circuit recently reiterated that "[r]easons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman v. Davis, 371 U.S. 178, 182, (1962)). Because none of these reasons for denying a motion to amend the complaint apply to this case, we respectfully request that this motion be granted.

RUTH SERIJAR

By Plaintiff's attorneys,

*Andrew M Teitz* (JMS)
*Jeanne M Scott*

Andrew M. Teitz, Esq. (#3503)
Jeanne M. Scott, Reg. # 6178
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, Rhode Island  02903
(401) 331-2222 telephone
(401) 751-5257 facsimile

Dated:  September 15, 2009

## CERTIFICATION

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 15, 2009.

/s/ Trevor V. Fittro