IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RUTH SERIJAR,
    *Plaintiff*

v.      C.A. No.: 09-136

WYNDHAM VACATION RESORTS, INC. fka
FAIRFIELD RESORTS, INC., WYNDHAM
VACATION OWNERSHIP, INC. fka CENDANT
TIMESHARE RESORT GROUP, INC., JAMES
ACEE, MELISSA WHITE, DALE BREITENFELD,
AMANDA DEARBORN, AND
JOHN DOES (1-4).
    *Defendants.*

## SECOND AMENDED COMPLAINT

### NATURE OF ACTION

1. This is a civil action brought under the Fair Housing Act, 42 U.S.C. § 3601, *et. seq.*, the Civil Rights Act, U.S.C. §§ 1981 and 1982, the Rhode Island Fair Housing Practices Act, Title 34, Chapter 37 of the General Laws of the State of Rhode Island and the Rhode Island Civil Rights Act, Title 6, Chapter 13.1 of the General Laws of the State of Rhode Island.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367 and 42 U.S.C. §3613. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

3. Defendant Wyndham Vacation Resorts, Inc. fka Fairfield Resorts, Inc. ("Fairfield") is a Delaware corporation authorized to do business in the State of Rhode Island under the fictitious name of Fairfield Resorts, Inc. and has a business address of 8427 South Park Circle, Orlando, Florida 32819.

4. Defendant Wyndham Vacation Ownership, Inc. fka Cendant Timeshare Resort Group, Inc. ("Cendant") is a Delaware corporation authorized to do business in the State of Rhode Island and has a business address of 8427 South Park Circle, Orlando, Florida 32819,

5. At all times relevant hereto, Fairfield was the owner/developer of a time-share development known as Long Wharf Fairfield Resort, and which is located at 115 Long Wharf, Newport, Rhode Island ("Long Wharf").

6. Upon information and belief, Defendant Cendant is the parent company of Defendant Fairfield..

7. Defendant Jim Acee was the Vice President of sales of Defendant Fairfield during part of the relevant time period.

8. Defendant John Doe "1" was vice president of sales of Defendant Fairfield during part of the relevant time period.

9. Defendant Melissa White was a supervising manager of Defendant Fairfield during part of the relevant time period.

10. Defendant John Doe "2" was a supervising manager of Defendant Fairfield during part of the relevant time period.

11. Defendant Dale Breitenfeld was a sales director of Defendant Fairfield during part of the relevant time period.

12. Defendant John Doe "3" was a sales director of Defendant Fairfield during part of the relevant time period.

13. Defendant Amanda Dearborn was a sales agent of Defendant Fairfield during part of the relevant time period.

14. Defendant John Doe "4" was a sales agent of Defendant Fairfield during part of the relevant time period.

15. Plaintiff Ruth Serijar ("Ms. Serijar") is a resident of the Commonwealth of Massachusetts with an address of 94 Longdon Avenue, Watertown, Massachusetts 02472. Ms. Serijar is brown-skinned; her national origin is the country of India and her ethnicity is Eastern Indian.

## FACTUAL ALLEGATIONS

16. Fairfield, through its employees and/or agents, sells time-share ownership of its condominiums located at Long Wharf.

17. Fairfield employs an in-house marketing staff and also enlists the services of outside marketing companies and individuals to assist in soliciting potential purchasers of the time-share units.

18. In or about October of 2004, Plaintiff was in Newport, Rhode Island and was solicited by an employee or an outside agent of Fairfield to attend a time-share sales presentation and tour of Long Wharf.

19. Ms. Serijar arrived at the designated time to attend the sales presentation and to tour the facility but the Fairfield personnel deliberately failed to provide the promised sales information to Ms. Serijar and deliberately kept her from touring the facility. Instead, Fairfield personnel instructed Ms. Serijar to wait for a sales agent to become available.

20. After Ms. Serijar waited ninety (90) minutes Fairfield personnel falsely informed her that no sales agents were available.

21. Fairfield personnel had no intention of ever providing Ms. Serijar with the opportunity to purchase a time share unit.

22.. Defendants' deliberately deprived Ms. Serijar of an opportunity to purchase a time-share unit because of her race or color, ethnicity and/or national origin.

23. Ms. Serijar did not become aware that Fairfield had denied her the opportunity to purchase a time-share unit at Long Wharf because of her race or color, ethnicity and/or national origin until on or about January 30, 2007 after a Fairfield employee came forward with the information.

24. Upon information and belief, Defendants have refused and continue to refuse to sell time-share units at Long Wharf to other persons of Indian ethnicity because of the potential purchaser's race or color, ethnicity and/or national origin.

25. Upon information and belief, Defendants have refused and continue to refuse to sell time-share units at Long Wharf to Orthodox Jews because of the potential purchaser's race and/or religious beliefs.

26. The time-shares owned and operated and being offered for sale by Defendants are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

27. At all times relevant hereto, Ms. Serijar was ready, willing, and able to purchase a time-share at Long Wharf.

28. Defendants acted in a willful and wanton manner in denying Ms. Serijar and other Eastern Indians the opportunity to purchase a time-share at Long Wharf because of their race or color, ethnicity and/or national origin.

4

29. Upon information and belief, Defendants acted and continue to act in a willful and wanton manner in denying Orthodox Jews the opportunity to purchase a time-share because of the potential purchaser's race and/or religious beliefs.

30. Upon information and belief, Defendant Fairfield was at all times relevant hereto under the complete control and direction of Defendant Cendant in its day-to-day operations, including, but not limited to, the selling of time-shares.

## COUNT I

## FAIR HOUSING ACT VIOLATION

31. Ms. Serijar realleges and restates the allegations of paragraphs 1 through 28 as if set forth fully herein.

32. Based on the conduct referred to in the foregoing paragraphs by Defendants, they have:

    (a) Refused to negotiate for the sale of or otherwise made unavailable or denied a dwelling in Long Wharf because of race or color, ethnicity, national origin and/or religion, in violation of 42 U.S.C.§ 3604(a); and

    (b) Represented that a dwelling in Long Wharf was not available for inspection because of race or color, ethnicity, national origin and/or religion, when a dwelling was in fact available in violation of 42 U.S.C. § 3604(d).

33. Ms. Serijar is an aggrieved person as defined in 42 U.S.C. § 3602 (i), and suffered injuries as a result of Defendants' discriminatory conduct.

34. Defendant's actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard of Ms. Serijar's rights.

## COUNT II

### FAIR HOUSING ACT VIOLATION

35. Ms. Serijar realleges and restates the allegations of paragraphs 1 through 32 as if set forth fully herein.

36. Defendants' conduct described above constitutes:

(a) A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and/or

(b) A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §3601-3619, which raises an issue of general public importance.

37. Upon information and belief, in addition to Ms. Serijar, there are other victims of Defendants' discriminatory actions and practices who are "aggrieved persons" as defined in 42 U.S.C. § 3602(i). These persons may have suffered damages as a result of Defendants' discriminatory conduct.

38. Defendants' actions and statements were intentional, willful, wanton and taken in disregard for the rights of others.

## COUNT III

### [42 U.S.C. § 1982] CIVIL RIGHTS ACT VIOLATION

39. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 36 above.

40. Defendants' actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard to Plaintiff's Constitutional rights, in violation of 42 U.S.C. § 1982.

41. As a result of Defendants' discriminatory conduct, Ms. Serijar suffered damages.

42. Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties under 42 U.S.C. § 1982 and may have suffered damages as a result of Defendants' discriminatory conduct.

43. Upon information and belief, Defendants' actions and practices continue in violation of 42 U.S.C. § 1982.

## COUNT IV

## [42 U.S.C. § 1981] CIVIL RIGHTS ACT VIOLATION

44. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 41 above.

45. Defendants' actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard to Plaintiff's Constitutional rights, in violation of 42 U.S.C. § 1981.

46. As a result of Defendants' discriminatory conduct, Ms. Serijar suffered damages.

47. Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties under 42 U.S.C. § 1981 and may have suffered damages as a result of Defendants' discriminatory conduct.

48. Upon information and belief, Defendants' actions and practices continue in violation of 42 U.S.C. § 1981.

## COUNT V

### (R.I. Gen. Laws §42-112-1)

### RHODE ISLAND CIVIL RIGHTS ACT VIOLATION

49    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 46 above.

50.    Defendants' conduct as alleged above violates the R.I. Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1(a).

51.    As a result of Defendants' discriminatory conduct, Ms. Serijar suffered damages.

52.    Upon information and belief, Defendants' actions and practices continue in violation of R.I. Gen. Laws § 42-112-1(a).

## COUNT VI

### (R.I. Gen. Laws §34-37-1, et seq.)

### RHODE ISLAND FAIR HOUSING PRACTICES ACT VIOLATIONS

53.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 50 above.

54.    Plaintiff is an aggrieved person as defined in the R.I. Fair Housing Practices Act, and suffered injuries as a result of Defendants' discriminatory conduct.

55.    Defendants' actions and statements described in the preceding paragraphs were intentional, willful, wanton, and taken in disregard to Plaintiff's rights.

56. Upon information and belief, in addition to the Plaintiff, there are other victims of Defendants' discriminatory actions and practices who are aggrieved parties as defined in R.I. Fair Housing Practices Act and may have suffered injury as a result.

57. Upon information and belief, Defendants' actions and practices continue in violation of the R.I. Fair Housing Practices Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter an ORDER that:

1. Declares Defendants' conduct as set forth above violates the Federal Fair Housing Act;

2. Declares Defendants' conduct as set forth above violates the State of Rhode Island Fair Housing Act;

3. Declares Defendants' conduct as set forth above violates Plaintiff's United States Civil Rights;

4. Declares Defendants' conduct as set forth above violates Plaintiff's Rhode Island Civil Rights;

5. Enjoins Defendants and their employees, agents, and successors, and all other persons in active concert or participation with it from discriminating on the basis of race or color, ethnicity, national origin, and/or religion in violation of the Federal and/or Rhode Island Fair Housing Act;

6. Enjoins Defendants and their employees, agents, and successors, and all other persons in active concert or participation with it from discriminating on the basis of race or color, ethnicity, national origin, and/or religion in violation of the Civil Rights Act;

7. Awards compensatory damages to Plaintiff for deprivation of civil rights and rights to fair housing;

8. Awards punitive damages to Plaintiff in an amount as may be just and equitable;

9. Awards Plaintiff reimbursement of all costs and reasonable attorneys' fees in connection with this action.

10. Assesses civil penalties against Defendants in an amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

Plaintiff further prays for such additional relief as the interests of justice may require and permit.

PLAINTIFF DEMANDS A JURY TRIAL.

                    PLAINTIFF
                    Ruth Serijar,
                    By Her Attorneys,

By: *Andrew M. Teitz (JMS) / Jeanne M. Scott*
     Andrew M. Teitz, Esq. (#3503)
     Jeanne M. Scott, Esq. (#6178)
     Ursillo, Teitz & Ritch, Ltd.
     2 Williams Street
     Providence, Rhode Island 02903
     Tel. (401) 331-2222
     Fax (401) 751-5257

Dated: September 16, 2009

S:\JEANNE\Fairfield\Fairfield Resorts\Third Amended Complaint.doc